IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

---

| | |
|---|---|
| ROGER TURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv518 (JCC) |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| JOHN DOE NO. 1, ) | |
| JOHN DOE NO. 2, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Costco's Motion for Summary Judgment. For the reasons stated below, the Court will grant Defendant's Motion.

**I.  Background**

Plaintiff, Roger Turley, is suing Defendants Costco Wholesale Corporation ("Costco"), John Doe No. 1, and John Doe No. 2 for injuries he incurred when he slipped and fell while attempting to obtain a shopping cart in the vestibule of the Manassas, Virginia Costco. John Doe No. 1 and John Doe No. 2 represent unknown defendants who Plaintiff contends had a duty, along with Defendant Costco, to maintain the outside areas surrounding the store in a safe condition. The incident occurred on December 7, 2002 between approximately 5:00 p.m. and 6:00 p.m.

The Costco in the instant case is a stand alone facility with its own parking lot. Prior to entering the store, customers first enter a vestibule where the shopping carts are stored. A sidewalk is located outside the vestibule in front of the warehouse.

On December 7, 2002, Turley's wife drove him to the Costco and parked in the fire lane parallel to and in front of the store's vestibule with the driver side of the truck facing the warehouse. Turley exited the truck via the passenger side and walked approximately eight or nine feet around the front of the truck through four to six inches of snow prior to entering the vestibule. Turley was in the act of pulling a cart out of a stack of carts inside the vestibule when he fell.

Plaintiff originally filed a Motion for Judgment in the Circuit Court for Prince William County seeking damages in the amount of $750,000. The case was removed to this Court on May 9, 2005. Defendant Costco filed a Motion for Summary Judgment on January 6, 2006. This Motion is currently before the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs.*

*Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.

A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party.  *See id.* at 255.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the

record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III.  Analysis

Defendant Costco seeks summary judgment on the grounds that Plaintiff has no evidence that Costco was negligent because firstly, Plaintiff cannot prove why and how he fell and secondly, Plaintiff has no evidence that Costco knew or should have known of the alleged defect.  As for the argument that Plaintiff cannot prove why and how he fell, Defendant points to the deposition of Turley in which Turley is unable to specify exactly what caused his fall.  ("I don't know what it was.  All I know is my feet went out from under me." Def.'s Ex. 3 at 26.)  Defendant highlights that Plaintiff assumes he slipped on snow, ice, or water, but is unable to identify which specifically.  (It "had to be water or ice; it had to be one of the two." Def.'s Ex. 3 at 26.  "It had to be snow, ice or water." Def.'s Ex. 3 at 27.)  Notably, in the motion for judgment, the Plaintiff affirmatively lists "black ice" as the substance that caused his fall.  Defendant contends that it is pure speculation to conclude that Plaintiff slipped on snow, ice, or water versus some other item or substance since Turley had no idea what he slipped on.

Defendant points to the case of *Kendrick v. VAZ, Inc.*, 244 Va. 380 (1992), to support this argument. In *Kendrick*, plaintiff was pushing a merry-go-round in a playground when she tripped and fell. Plaintiff claimed that a hole in the ground caused her fall, even though she did not see a hole and only assumed it was there. The Virginia Supreme Court upheld the trial court's decision to set aside the plaintiff's verdict on the grounds that plaintiff's assertion that she had felt her foot slip into a hole was insufficient evidence of an unsafe condition supported only by the "rankest of speculation." *Id.* at 384.

The *Kendrick* decision is easily distinguishable from the present case. Taken as a whole and in the light most favorable to Plaintiff, Turley's testimony was that snow, ice, or water caused his fall. Unlike *Kendrick*, Plaintiff is not assuming a cause for the fall without the support of evidence apart from his memory. It is undisputed that there was significant snow accumulation on December 7, 2002, and the inability to distinguish what form the water took at the point that Turley slipped does not classify as the "rankest of speculation" and is not fatal to his case.

Costco also seeks summary judgment on the ground that Turley has no evidence that Costco knew or should have known of the alleged defect. In a Virginia negligence case, a plaintiff must show some evidence of actual or constructive notice on the

part of the defendant of a dangerous condition and a failure to reasonably respond to such condition. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 183 (1990). Defendant points to the case of *Colonial Stores Inc. v. Pully*, 203 Va. 535 (1962), to support this argument. In *Colonial Stores*, the Virginia Supreme Court reversed a jury's verdict in favor of plaintiff in a case where plaintiff tripped on a soda bottle while shopping in the defendant's store. In reaching its decision, the Virginia Supreme Court relied on the fact that plaintiff presented no evidence as to how long the bottle had been on the floor or that the bottle had been on the floor long enough so that the defendant knew or should have known of its presence. *Id.* at 537-38. Costco asserts in the present case that there is no evidence regarding how long the substance that Turley slipped on was present in the vestibule area, and therefore Costco claims Plaintiff has failed to establish a *prima facie* case of negligence.

Plaintiff responds by pointing out that Turley testifies in his deposition that the snow must have been there for some time since it takes a while for four inches of snow to get there. (Def.'s Ex. 3 at 28.) However, it is unclear to what area Turley is testifying since there is no allegation that there was significant snow accumulation in the vestibule area. Further, Plaintiff highlights the fact that Costco was aware of

the hazardous weather conditions as evidenced by Defendant placing salt and sand in the parking lot and directly in front of the place where Plaintiff's wife stopped to let her husband out of the truck.  (Plf.'s Ex. 1 at 61.)  Additionally, Costco allegedly conducted its last inspection of the vestibule area forty-five minutes before Plaintiff's fall.  (Plf.'s Ex. 1 at 66.)

The facts of this case are very similar to the facts in *Ashby v. Faison & Assocs.*, 247 Va. 166 (1994).  In *Ashby*, the plaintiff was injured when she slipped and fell on a building's floor, near its entrance, on a day when it was raining.  Like the present case, plaintiff did not allege that defendants had placed the puddle of water near the building's entrance.[1]  Rather defendants were liable, if at all, for passive conduct; therefore the standard of whether they knew or should have known of the dangerous puddles of water was applied.  *Id.* at 169-170.

---

[1] "An owner of premises owes a duty to its invitee (1) to use ordinary care to have the premises in a reasonably safe condition for the invitee's use consistent with the invitation, and (2) to use ordinary care to warn its invitee of any unsafe condition that was known, or by the use of ordinary care should have been known, to the owner; except that the owner has no duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 229 (1986).  When a dangerous condition results from the affirmative conduct of the defendant, a foreseeability standard is employed.  The defendant has a duty to exercise reasonable care to avoid the genesis of the danger.  *See Memco Stores, Inc. v. Yeatman*, 232 Va. 50 (1986).  Given the facts of the present case and the allegations of Plaintiff, this standard does not apply to the instant matter.

The court in *Ashby* considered two cases in which defendants were found to have satisfied this knowledge element of a prima facie negligence case.  In the first, *Shiflett v. Timberlake*, Inc., 205 Va. 406 (1964), "one of the owners of the premises 'was aware' that 'the floor had become wet and slippery because of the accumulation of water thereon before [the plaintiff] arrived.'"  *Ashby*, 247 Va. at 170 (quoting *Shiflett*, 205 Va. at 410)).  This generally accounts for actual knowledge.  In the second case, *Fobbs v. Webb Building Ltd. Partnership*, 232 Va. 227 (1986), "in addition to substantial evidence of the accumulation of an 'awful lot of water' that was observed by witnesses both before and after the plaintiff's fall, the owner of the premises conceded before the bar of [the *Fobbs* court] that 'it had constructive knowledge that water had been tracked into the building.'"  *Ashby*, 247 Va. at 170 (quoting *Fobbs*, 232 Va. at 231)).  These cases provide little guidance for the instant case, like in *Ashby*, since there is no allegation of actual knowledge, there is no concession of constructive knowledge by the Defendant, and there is no evidence of a significant accumulation of water in the vestibule area.

After rejecting these theories of knowledge, the *Ashby* court found "no showing that the defendants actually knew of the existence of a hazardous condition before Ashby fell or that the condition had existed long enough that the defendants should have

known of its existence in time to remove it." *Ashby*, 247 Va. at 170. Therefore, the court affirmed the judgment of the trial court, which was to set aside the jury's verdict in favor of the plaintiff.

A similar conclusion must be found in the present case. There is nothing to suggest that Costco actually knew of the dangerous condition in the vestibule or that the wet conditions in the vestibule existed long enough that the defendant should have known of its existence in time to remedy it. As *Ashby* instructs, evidence of inclement weather alone is insufficient to find constructive knowledge. Finally, there were no falls earlier that day to put Defendant on notice. Therefore, the Court will grant Costco's Motion for Summary Judgment on the grounds that Plaintiff has not submitted evidence that Costco knew or should have known of the dangerous condition in the vestibule.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Motion for Summary Judgment. An appropriate Order will issue.

February _6__, 2006                    _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                       UNITED STATES DISTRICT COURT JUDGE